```
 1                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF VIRGINIA
 2                      Charlottesville Division

 3   UNITED STATES OF AMERICA,          Criminal No. 3:16cr50008

 4              Plaintiff,

 5         vs.                          Charlottesville, Virginia

 6   JASON BRADLEY, NAYNA TAYLOR,
     and EDWARD TAYLOR,                 2:16  p.m.
 7
                    Defendants.         July 5, 2017
 8


 9    TRANSCRIPT OF EXCERPT OF TESTIMONY OF VICTORIA BROADSTREET
                 BEFORE THE HONORABLE NORMAN K. MOON
10            UNITED STATES DISTRICT JUDGE, and a Jury

11   APPEARANCES:

12   For the United States:       GRAYSON HOFFMAN
                                  U.S. Attorney's Office
13                                116 N. Main St.  Room 130
                                  Harrisonburg VA 22802
14
                                  KARI MUNRO
15                                U.S. Attorney's Office
                                  310 First St. SW, Room 905
16                                Roanoke VA 24011

17   For Defendant Bradley:       AARON L. COOK
                                  Cook and Cook Attorneys
18                                71 Court Square
                                  Suite B
19                                Harrisonburg VA 22802

20   For Deft.  Nayna Taylor:     LOUIS K. NAGY
                                  590 E. Market St.
21                                Harrisonburg VA 22801

22   For Deft.  Edward Taylor:    DAVID L. PARKER
                                  333 Neff Ave. Suite A
23                                Harrisonburg VA 22801


24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer.
```

1  APPEARANCES (Cont'd):

2  Court Reporter:                    Sonia Ferris, RPR, OCR
                                      U.S. Court Reporter
3                                     116 N. Main St.   Room 314
                                      Harrisonburg, VA 22802
4                                     540.434.3181.   Ext. 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MS. MUNRO:  Your Honor, the government would call

2    Victoria Broadstreet.

3    VICTORIA BROADSTREET, CALLED AS A WITNESS BY THE GOVERNMENT,

4                          SWORN

5     (Testimony conducted, but not transcribed at this juncture.)

6          MS. MUNRO:  Your Honor, the government moves to admit

7    Exhibit 112 into evidence.

8          MR. NAGY:  We have an objection at this time.

9          THE COURT:  All right.  Come on.

10          (Side bar discussion held on the record.)

11          MR. NAGY:  We have separate objections, Mr. Parker

12    and I.  I'll go first.

13          My first objection -- my objection is based on

14    relevance.  At this point in time, the item that has been

15    introduced, the previous witness testified that that was

16    taken off of Nayna Taylor, and he identified Nayna Taylor,

17    and the record reflects that he identified Nayna Taylor as

18    being the individual sitting over there in the jacket and

19    pink shirt.  Again, for the record, that is not Nayna Taylor.

20    That is somebody else.  So, therefore, from a relevance

21    standpoint, we have the previous witness testifying that the

22    current exhibit that the government is trying to get into

23    evidence was seized from somebody who is not a part of this

24    case and, therefore, I don't know how the introduction of

25    this evidence is relevant.  It did not come from my client,

```
 1   and the testimony of the previous witness was that it did not

 2   come from Mr. Taylor.  So, therefore, what we have is a

 3   situation where the prior witness has identified the lady in

 4   the pink shirt over there as the person who brought the drugs

 5   and who they seized these alleged drugs from.  Therefore,

 6   this is a relevance issue and they're not admissible.  They

 7   have nothing to do with the case.

 8           THE COURT:  I understand your point.

 9           What do you have to say?

10           MS. MUNRO:  Your Honor, I think the government has

11   put forward sufficient evidence.  As you know, if there were

12   an issue with respect to that, the government would say it

13   should go to the issue of weight and not admissibility.

14           As far as admitting this evidence, we've had numerous

15   witnesses testify these particular 200 packets of Crystal

16   Bubbly were seized in connection with a law enforcement

17   situation and there's sufficient evidence the jury could

18   infer that evidence is connected to defendant Nayna Taylor

19   based on her presence on the video, based on the testimony of

20   Officer Scotton, based on the testimony of other law

21   enforcement witnesses that have handled it.  Regardless of

22   whether Mr. Scotton made a mistake in identifying the

23   witness, the jury is entitled to this evidence.

24           THE COURT:  What's your objection?

25           MR. PARKER:  My objection is on the chain of custody,
```

1  Your Honor.

2          There were two witnesses that the evidence was not

3  presented to and did not ID the evidence.  Those two

4  witnesses are the Burlington Police Department evidence

5  technicians, Parker and Jones.  The evidence was never

6  presented to them.  They never identified as to what it was.

7  That's important because from the evidence that we have,

8  there was three things that were taken here in this bust.

9  There was a jar of suspected mushrooms.  There was $5,000

10 cash, and there was the 200 packets of Crystal Bubbly.

11         MR. NAGY:  And stuff taken from the house, too.  They

12 raided the house as well.

13         MR. PARKER:  So we don't know what of this -- because

14 the evidence was not identified by these clerks, went to the

15 lab, the state lab --

16         THE COURT:  Okay.

17         MS. MUNRO:  Your Honor, as the government and the

18 Court knows, the government's job in this process, for the

19 purpose of admitting the evidence, is to provide reasonable

20 evidence that the --

21         THE COURT:  Okay.  Tell me what the reasonable

22 evidence is.

23         MS. MUNRO:  Well, we had the evidence going directly

24 from the seizing agent to the Burlington, North Carolina

25 Police Department from Carrasco.  Belinda Parker said she

```
 1   took the  evidence and could identify it by identifying the

 2   chain of custody report.  Took it to the lab.  Sylvia Jones

 3   testified while at the lab, it was not tested and she was

 4   responsible for taking that in and returning it.  It then

 5   went back to the Burlington Police Department through Romana

 6   Rascoe.

 7          THE COURT:  Going back, what is the evidence that it

 8   was sealed from the time it was seized until the time --

 9          MS. MUNRO:  Every witness who's testified has

10   indicated they would not be able to accept it if it was not

11   sealed, and it was not disturbed or put in the hands of

12   anybody else.  There was no evidence it was tampered with,

13   and now we have the chemist on the stand who was the last

14   person to handle it.

15          THE COURT:  Do we have evidence it was sealed each

16   time it was transported? It was transferred to Y gentleman.

17   How do we know if X didn't seal it -- that it was unsealed?

18          MS. MUNRO:  The technicians all testified they didn't

19   have the authority to open this evidence.  They didn't have

20   authority to open it for any reason.  It couldn't be checked

21   in and out of the laboratories if it wasn't properly sealed.

22          THE COURT:  I think there's sufficient evidence that

23   a reasonable person could infer that it was not tampered with

24   from the time it was seized until the time it was analyzed,

25   and with regard to your knowledge situation --
```

1          MR. NAGY:  Judge, if it didn't come from her --

2          THE COURT:  She's the one -- the lady in the green

3    and blue scarf was not in the store.  It's pretty obvious

4    they picked it up from the Taylors.  The jury -- you can

5    argue that, but just because he misidentified somebody he

6    doesn't know, in court -- I think the circumstantial evidence

7    is that it came from her, and I think she's the one -- the

8    jury can infer it was her.

9          MR. NAGY:  Just note my exception to the Court's

10   ruling, for the record.

11         THE COURT:  I understand.

12         You all ought to listen to your witnesses.

13         (Conclusion of side bar.)

14         MS. MUNRO:  Your Honor, may the government ask for a

15   ruling on the record regarding Exhibit 112?

16         THE COURT:  Rule that it's admitted.

17         MS. MUNRO:  Thank you.

18         (Government Exhibit No. 112 was marked for

19   identification and admitted into evidence.)

20         (Conclusion of requested excerpt.)

21

22

23

24

25

```
 1                        INDEX

 2   WITNESS FOR GOVT.

 3   Victoria Broadstreet

 4

 5   Exhibit No.                  Marked        Admitted

 6   Govt. No. 112                  7              7

 7

 8

 9

10   "I certify that the foregoing is a correct transcript from

11   the record of proceedings in the above-entitled matter.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```