CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
11/22/2017

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NAYNA TAYLOR,<br>　　　　　　　　　*Defendant.* | CASE NO. 3:16-cr-50008<br><br><u>PRESENTENCING ORDER</u><br><br>JUDGE NORMAN K. MOON |

Defendant Nayna Taylor, (hereinafter "Defendant") is scheduled for sentencing at 11:00 a.m. on December 7, 2017.

At sentencing, the Court must place on the record an "individualized assessment based on the particular facts of the case before it," whether the Court "imposes an above, below, or within-Guidelines sentence." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "[E]very sentence requires an adequate explanation," but "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Accordingly, to ensure that full consideration be given to each and every non-frivolous argument raised by the parties, and that the Court is fully responsive thereto on the record at sentencing, if Defendant intends to make a sentencing recommendation to the Court below the median of the advisory Sentencing Guideline range as calculated in the presentence report, or if

the United States intends to make a sentencing recommendation to the Court above said median, whether such a recommendation is in the form of a specific sentence or general range of punishment, they are hereby **ORDERED** to file a sentencing memorandum which includes the recommendation and grounds in support thereof, **no fewer than seven (7) days**[1] before sentencing.[2]

Should a party choose to make a recommendation for a sentence outside the advisory Sentencing Guideline range as calculated in the presentence report, the grounds in support thereof must be stated with greater particularity, although in no event shall citation to precedent be necessary. No written response to the opposing party's sentencing memorandum shall be required, unless specifically so directed by the Court.[3]

It is so **ORDERED**. The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this  22nd  day of November, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Should the sentencing hearing be reset for a later date, this seven-day deadline will apply as to that new date.

[2] The United States shall not be required to file a separate sentencing memorandum pursuant to this Order if it intends to file a motion for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

[3] This Order in no way shall supplant or otherwise interfere with the parties' separate obligation under Rule 32(f) of the Federal Rules of Criminal Procedure, which states that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Thereafter, only upon a showing of good cause will the Court allow a party to make a new objection to the presentence report. *See* Fed. R. Crim. P. 32(i)(1)(D).